1          UNITED STATES DISTRICT COURT
           NORTHERN DISTRICT OF OHIO
2         EASTERN DIVISION AT CLEVELAND

3

4   UNITED STATES OF AMERICA,   *      CASE NO. 5:24-cr-341
                                *
5            Plaintiff,         *
                                *
6        vs.                    *      MARCH 31, 2025
                                *
7   MICHAEL MONROE JAMES,       *
                                *
8            Defendant.         *
                                *

9

10

11        TRANSCRIPT OF **CHANGE OF PLEA PROCEEDINGS**
       HELD BEFORE THE HONORABLE BRIDGET MEEHAN BRENNAN
12             UNITED STATES DISTRICT JUDGE

13

14

15   APPEARANCES:

16
     For the Plaintiff:   Toni B. Schnellinger Feisthamel, AUSA
17

18   For the Defendant:   Edward G. Bryan, Esq.

19

20

21
     Official Court Reporter:        Lance A. Boardman, RDR, CRR
22                                    United States District Court
                                      801 West Superior Avenue
23                                    Court Reporters 7-189
                                      Cleveland, Ohio 44113
24
     Proceedings recorded by mechanical stenography; transcript
25   produced by computer-aided transcription.

1                    (In open court at 1:08 p.m.)

2                    THE COURT:  We're now on the record in United

3    States of America v. Michael Monroe James, Case Number

4    5:24-cr-341.

5         Will counsel for the Government please state your

6    appearance for the record.

7                    AUSA SCHNELLINGER FEISTHAMEL:  Good afternoon,

8    Your Honor.

9         Toni Beth Schnellinger for the United States.

10                   THE COURT:  Thank you.

11        And have victim notifications been made?

12                   AUSA SCHNELLINGER FEISTHAMEL:  Yes, Your

13   Honor.

14                   THE COURT:  Thank you.

15        On behalf of the defendant.

16                   ATTORNEY BRYAN:  Good afternoon, Your Honor.

17        Edward Bryan on behalf of Michael James.

18                   THE COURT:  Good afternoon.

19        And good afternoon, Mr. James.

20                   THE DEFENDANT:  Good afternoon, Your Honor.

21                   THE COURT:  Mr. Bryan, it's the Court's

22   understanding that we're here today for a change of plea

23   hearing.

24        Is that correct?

25                   ATTORNEY BRYAN:  It is, Your Honor.

1          THE COURT:  Mr. James, is that your
2    understanding as well?
3          THE DEFENDANT:  It is, Your Honor.
4          THE COURT:  And I have a document here before
5    me that's been prepared by the Government.
6        So it's your intent to plead pursuant to a written
7    plea agreement, sir?
8          THE DEFENDANT:  Yes, Your Honor.
9          THE COURT:  If at any time during this hearing
10   you have any questions that you would like to speak to your
11   counsel about privately, you just need to let me know or
12   raise your hand, and I will give the two of you an
13   opportunity to speak privately.
14       Understood?
15         THE DEFENDANT:  Yes, Your Honor.
16         THE COURT:  I am now required to place you
17   under oath before I ask you a series of questions, so at
18   this time please stand and raise your right hand.
19            (The defendant was sworn.)
20         THE COURT:  You may remain seated, sir, now,
21   for the remainder of the hearing.  Counsel may as well.
22       Now that you're under oath, it's important to
23   remember, sir, that you must answer every question that I
24   ask you truthfully.  Any failure to give the Court an honest
25   answer can result in a separate criminal proceeding.

1    Do you understand?

2              THE DEFENDANT:  Yes, Your Honor.

3              THE COURT:  And some of the questions I'm

4    about to ask you are going to seem very basic.  They're

5    going to seem like things I already know.  But I'm required

6    to ask them during this hearing so that the Court can make a

7    finding, if appropriate, that your decision to plead guilty

8    is both knowing and voluntary.

9         Understood?

10             THE DEFENDANT:  Yes, Your Honor.

11             THE COURT:  What is your full name?

12             THE DEFENDANT:  Michael Monroe James.

13             THE COURT:  How old are you?

14             THE DEFENDANT:  28.

15             THE COURT:  28?

16             THE DEFENDANT:  Yup.

17             THE COURT:  How far did you go in school?

18             THE DEFENDANT:  I went to half a semester of

19   college.

20             THE COURT:  So I know -- I think I know the

21   answer to this question, but I have to ask it.

22        Are you able to read and write the English language?

23             THE DEFENDANT:  Yes, Your Honor.

24             THE COURT:  Are you a citizen of the United

25   States?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  Are you taking any prescription

3  medications?

4          THE DEFENDANT:  That are prescribed to me by

5  doctors at the jail?  Yes, Your Honor.

6          THE COURT:  Do those medications impair your

7  ability to understand what's happening around you?

8          THE DEFENDANT:  No, Your Honor.

9          THE COURT:  Do they impair your ability to

10  understand what is happening here today?

11          THE DEFENDANT:  No, Your Honor.

12          THE COURT:  Have they impaired your ability to

13  understand what is written in the terms of this document?

14          THE DEFENDANT:  No, Your Honor.

15          THE COURT:  Mr. Bryan, you've worked closely

16  with your client for some time, so I must ask you:  Do you

17  have concerns about your client's ability to understand the

18  nature of the proceedings generally, what is happening here

19  today, or the terms of this written plea agreement?

20          ATTORNEY BRYAN:  I have no concerns, Your

21  Honor.  Thank you.

22          THE COURT:  Thank you very much.

23      Mr. James, have you been treated recently for any

24  addiction to alcohol or an illegal drug?

25          THE DEFENDANT:  No, Your Honor.

1          THE COURT:  Are you presently under the

2   influence of alcohol or any illegal drug?

3          THE DEFENDANT:  No, Your Honor.

4          THE COURT:  Have you received a copy of the

5   indictment in your case?

6          THE DEFENDANT:  Yes, Your Honor.

7          THE COURT:  Do you understand that it charges

8   you with two counts, Count 1 being receipt and distribution

9   of visual depictions of minors engaged in sexually explicit

10  conduct, in violation of Title 18 United States Code Section

11  2252(a)(2), and then in Count 2, possession of child

12  pornography, in violation of Title 18 United States Code

13  Section 2252A(a)(5)(B).

14      Do you understand those are the charges that have been

15  laid against you?

16          THE DEFENDANT:  Yes, Your Honor.

17          THE COURT:  Have you fully discussed these

18  charges and all the facts and circumstances surrounding them

19  with your counsel?

20          THE DEFENDANT:  Yes, Your Honor.

21          THE COURT:  And does that include the elements

22  of these offenses and any possible defenses you could have?

23          THE DEFENDANT:  Yes, Your Honor.

24          THE COURT:  Have you been fully satisfied with

25  his advice to you and representation of you so far?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  I have a document here that

3   appears to contain your initials in the bottom right-hand

4   corner of each page.  It looks like an "MJ" in blue ink.

5       Are these in fact your initials?

6          THE DEFENDANT:  Yes, Your Honor.

7          THE COURT:  Did you place your initials on

8   each of these pages?

9          THE DEFENDANT:  Yes, Your Honor.

10          THE COURT:  And on the very last page you

11   signed your name in full with today's date under the

12   following representation to the Court:

13       That you have read the entire document and discussed

14   it with your attorney.

15          THE DEFENDANT:  Yes, Your Honor.

16          THE COURT:  I'm sorry, sir.  Do you need a

17   moment to speak with your attorney?

18          THE DEFENDANT:  No.  No, Your Honor.

19          THE COURT:  That you have read the entire

20   document and have discussed it with your attorney; you've

21   initialed each page of the document to signify that you

22   understand and approve the provisions on that page; that

23   you're entering into these terms voluntarily and of your own

24   free will; that no threats have been made to you; nor were

25   you under the influence of anything that could impair your

1  ability to understand these terms.

2       Is this your representation to the Court?

3                  THE DEFENDANT:  Yes, Your Honor.

4                  THE COURT:  Mr. Bryan, did you sign as well?

5                  ATTORNEY BRYAN:  I did, Your Honor.

6                  THE COURT:  And Ms. Schnellinger, you signed

7  it on behalf of the Government?

8                  AUSA SCHNELLINGER FEISTHAMEL:  Yes, Your

9  Honor.

10                 THE COURT:  So just to be clear, Mr. James,

11 the terms in this document, do you understand that this

12 document represents your full agreement with the Government?

13                 THE DEFENDANT:  Yes, Your Honor.

14                 THE COURT:  So there are no other promises or

15 assurances that have been made to you to persuade you to

16 plead guilty, correct?

17                 THE DEFENDANT:  Correct, Your Honor.

18                 THE COURT:  And no one has threatened you or

19 done anything to force you to accept these terms, have they?

20                 THE DEFENDANT:  No, Your Honor, they have not.

21                 THE COURT:  Moving now to the constitutional

22 rights that you'll be giving up if you in fact plead guilty

23 here.  They're laid out in paragraph 1, but I must address

24 them on the record with you.

25      You have the right to continue with your not guilty

1    plea and proceed to a jury trial.

2         Do you understand and give up that right?

3              THE DEFENDANT:  Yes, Your Honor.

4              THE COURT:  You have the right to ask for

5    something called a bench trial, so a trial directly to the

6    Court, no jury, and if the Government would agree to it and

7    the Court would allow it.

8         Do you understand and give up that right?

9              THE DEFENDANT:  Yes, Your Honor.

10             THE COURT:  You have the right at trial to

11   see, hear from, confront, and cross-examine all of the

12   Government's witnesses.

13        Do you understand and give up that right?

14             THE DEFENDANT:  Yes, Your Honor.

15             THE COURT:  At trial you would have the right

16   to something called compulsory process.  And what that means

17   is you would have the right to subpoena documents or to

18   compel witnesses to be here and available to you in your

19   defense should you wish it.

20        Do you understand and give up that right?

21             THE DEFENDANT:  Yes, Your Honor.

22             THE COURT:  At trial you would have the right,

23   if you elected to do so, to testify in your own defense.

24        Do you understand and give up that right?

25             THE DEFENDANT:  Yes, Your Honor.

1          THE COURT:  You would also have the right to

2    choose to remain silent, not testify, and nobody could

3    comment on your decision to remain silent.

4        Do you understand and give up that right?

5              THE DEFENDANT:  Yes, Your Honor.

6              THE COURT:  At trial you are presumed

7    innocent.  You have no burden of proof.  You do not have to

8    put on any evidence or any defense at all.  It is entirely

9    the Government's burden to prove each element of the

10   offenses charged beyond a reasonable doubt.

11       Do you understand and give up that right?

12             THE DEFENDANT:  Yes, Your Honor.

13             THE COURT:  Do you also understand that you

14   have the right to counsel throughout all proceedings,

15   including trial?

16       Do you understand that?

17             THE DEFENDANT:  Yes, Your Honor.

18             THE COURT:  And you have -- well, I should be

19   clear too that if the Court accepts your guilty pleas today

20   and finds you guilty of Counts 1 and 2, you will be found

21   guilty without a jury trial.

22       Do you appreciate that?

23             THE DEFENDANT:  Yes, Your Honor.

24             THE COURT:  Moving now -- well, let me just

25   say I'm not going to go through each and every paragraph of

1    this document based on your testimony so far.  There are

2    some I have to go through with you on the record, but I'm

3    not going to go through each and every one provided you

4    agree that each paragraph is important even if it's not

5    discussed here on the record today.

6                    THE DEFENDANT:  Yes, Your Honor, I agree with

7    that.

8                    THE COURT:  Ms. Schnellinger, will you please

9    state the statutory penalties associated with Counts 1 and

10   2.

11                   AUSA SCHNELLINGER FEISTHAMEL:  Yes, Your

12   Honor.

13       The statutory penalty for Count 1 is as follows:  The

14   maximum term of imprisonment is 20 years; the minimum term

15   of imprisonment is five years; the maximum statutory fine is

16   $250,000; the maximum period of supervised release is life,

17   with a minimum period of three years; there is a special

18   assessment, which is mandatory, of $100; and also a special

19   assessment under the Justice For Victims of Trafficking Act

20   for $5,000.

21       The statutory penalties for Count 2 are as follows:

22   The maximum term of imprisonment is 20 years; the maximum

23   statutory fine is $250,000; the maximum period of supervised

24   release is life with a minimum period of three years; there

25   is a mandatory $100 special assessment; as well as a special

1    assessment under the Justice For Victims of Trafficking Act

2    of $5,000.

3         Thank you, Your Honor.

4              THE COURT:  Thank you.

5         Mr. James, do you understand the statutory penalties

6    with respect to Counts 1 and 2?

7              THE DEFENDANT:  Yes, Your Honor, I do.

8              THE COURT:  And in particular, do you

9    understand the statutory minimum term of imprisonment

10   associated with Count 1?

11             THE DEFENDANT:  Yes, Your Honor.

12             THE COURT:  And that mandatory term of

13   imprisonment means that the Court cannot, it just doesn't

14   have the authority, to order you to probation on Count 1.

15        Do you understand that as well?

16             THE DEFENDANT:  Yes, Your Honor.

17             THE COURT:  With respect to special

18   assessments, you are agreeing here specifically that the

19   $100 special assessment applies and an additional $5,000

20   special assessment applies on Counts 1 and 2 pursuant to the

21   Justice For Victims Trafficking Act.  That's Section 3014 of

22   Title 18 United States Code.

23        Do you understand you are agreeing to those special

24   assessments?

25             THE DEFENDANT:  Yes, Your Honor.

1           THE COURT:  With respect to costs, do you

2    understand that the Court has the authority to order you to

3    pay the costs of prosecution and sentence, so that means the

4    costs associated with imprisonment, community confinement,

5    home detention, and supervised release?

6           THE DEFENDANT:  Yes, Your Honor.

7           THE COURT:  And do you understand that the

8    Court has the authority also to order, where appropriate,

9    restitution and forfeiture?

10          THE DEFENDANT:  Yes, Your Honor.

11          THE COURT:  Specific as to restitution here,

12   does the Government anticipate restitution,

13   Ms. Schnellinger?

14          AUSA SCHNELLINGER FEISTHAMEL:  Yes, Your

15   Honor, because we've identified specific victims.  I don't

16   have an amount though yet.

17          THE COURT:  That's fine.

18       Have you and your counsel discussed how restitution

19   works in cases like this?

20          THE DEFENDANT:  Yes, Your Honor.

21          THE COURT:  And so if it's appropriate and the

22   Court has to make certain findings at sentencing, it can

23   order that you pay the costs of restitution, and that can

24   include the mandatory restitution laid out in Section 2259A,

25   so restitution pursuant to the Amy, Vicky, Andy Child

1    Pornography Deterrence Act.

2        Do you understand that as well?

3            THE DEFENDANT:  Yes, Your Honor.

4            THE COURT:  Mr. Bryan, have you discussed -- I

5    just want to confirm with you that you've discussed all the

6    possible forms of restitution that could apply at

7    sentencing.

8            ATTORNEY BRYAN:  We have, Your Honor.

9            THE COURT:  Thank you very much.

10        With respect to supervised release, if you violate any

11    term or condition of supervised release, do you understand

12    that that violation can result in additional penalties, even

13    an additional period of incarceration?

14            THE DEFENDANT:  Yes, I do, Your Honor.

15            THE COURT:  And although it's rare, there are

16    situations where the combined term of imprisonment for the

17    initial sentence, when added together for any term of

18    imprisonment imposed for supervised release violations, when

19    all added together can exceed the statutory maximum of 20

20    years.

21        Do you understand that?

22            THE DEFENDANT:  Yes, Your Honor.

23            THE COURT:  Ms. Schnellinger, will you please

24    state -- well, let me go through sentencing.  I think that's

25    probably the next best thing to do.

1    With respect to sentencing, do you understand it is

2  within the discretion of the Court?

3              THE DEFENDANT:  Yes, Your Honor.

4              THE COURT:  So the Court, and the Court alone,

5  will determine what the appropriate sentence is.  And in

6  doing that, it must consider federal sentencing law and

7  ensure that it imposes a sentence that is sufficient but no

8  greater than necessary to comply with the purposes of

9  sentencing.

10      Do you understand the Court's obligation?

11             THE DEFENDANT:  Yes, Your Honor.

12             THE COURT:  To determine what is a sufficient

13  but no greater than necessary sentence, the Court considers

14  what are called the Section 3553(a) factors.  Those include

15  the statutory penalty, the seriousness of the offense, your

16  personal history and characteristics, deterrence, protecting

17  the public, rehabilitation, avoiding differences in

18  sentences between you and others who are situated similarly,

19  the kinds of sentences available, and what are called the

20  advisory sentencing guidelines.

21      Do you understand that the Court will consider those

22  factors at the time of sentencing?

23             THE DEFENDANT:  Yes, Your Honor.

24             THE COURT:  Those advisory sentencing

25  guidelines, though, it's important to note, are just that,

1    they're advisory.  They do not bind the Court.

2        Do you understand that as well?

3                THE DEFENDANT:  Yes, Your Honor.

4                THE COURT:  So the Court can determine an

5    appropriate sentence is within the identified guideline

6    range, above it, or below it.

7        Do you understand that?

8                THE DEFENDANT:  Yes, Your Honor.

9                THE COURT:  Have you and your attorney talked

10   about how the guidelines will potentially work in this case?

11               THE DEFENDANT:  Yes, Your Honor, we have.

12               THE COURT:  And so specifically, paragraph 16

13   lays out what the parties are saying is a stipulated

14   total -- well, stipulated offense level under the

15   guidelines.

16       Do you see this?

17               THE DEFENDANT:  Yes, Your Honor.

18               THE COURT:  To be clear, do you understand

19   that the Court, and the Court alone, will determine the

20   offense level, your criminal history category, and the

21   advisory guideline range?

22               THE DEFENDANT:  Yes, Your Honor, I do.

23               THE COURT:  It will do that at the time of

24   sentencing.

25       Do you understand that as well?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  And the Court will determine

3   whether or not there's any basis to go above or below that

4   range or what sentence to impose.

5      Understood?

6          THE DEFENDANT:  Yes, Your Honor.

7          THE COURT:  The parties here are agreeing that

8   neither party is limited to making a sentencing argument

9   that falls within that advisory range.

10     Do you understand that?

11         THE DEFENDANT:  Yes, Your Honor.

12         THE COURT:  So that means the Government can

13  argue for whatever it feels is an appropriate sentence, and

14  you and Mr. Bryan can argue for whatever you feel is an

15  appropriate sentence.

16     Do you understand that?

17         THE DEFENDANT:  Yes, Your Honor.

18         THE COURT:  But the parties' recommendations

19  will not bind the Court.

20     Do you understand that as well?

21         THE DEFENDANT:  Yes, Your Honor.

22         THE COURT:  And if the Court accepts your

23  guilty plea here today -- guilty pleas here today, you will

24  not be able to move to withdraw your plea or not be able to

25  withdraw your plea simply because the guideline calculation

1    I come up with at sentencing is different than what you have

2    put in here or you don't agree with the Court's sentence or

3    the Court does not accept the sentencing recommendation of

4    you and your counsel.

5         Do you understand that?

6              THE DEFENDANT:  Yes, Your Honor.

7              THE COURT:  Ms. Schnellinger, at this time,

8    will you please state the elements of the offenses charged.

9              AUSA SCHNELLINGER FEISTHAMEL:  Yes, Your

10   Honor.

11        The elements for a charge of receipt and distribution

12   of visual depictions of a minor engaged in sexually explicit

13   conduct are as follows:

14        Defendant knowingly received and distributed visual

15   depictions; that such visual depiction was shipped or

16   transported using any means or facility of interstate or

17   foreign commerce in or affecting interstate or foreign

18   commerce by any means, including by computer; that the

19   production of such visual depiction involved the use of a

20   real minor engaging in sexually explicit conduct; that such

21   visual depiction is of a minor engaging in sexually explicit

22   conduct, and; defendant knew that the individual in such

23   visual depiction was a minor and knew that the visual

24   depiction was of such minor engaged in sexually explicit

25   conduct.

1    The elements for possession of child pornography:

2    Defendant knowingly possessed any book, magazine,

3    periodical, film, videotape, computer, disk, or any

4    materials that contained child pornography, and; that such

5    child pornography had been mailed, shipped, or transported

6    in interstate or foreign commerce by any means, including by

7    computer, or was produced using materials that had been

8    mailed, shipped, or transported in interstate or foreign

9    commerce by any means, including by computer, and; that one

10   image involved in the possession of child pornography

11   involved a prepubescent minor who had not attained 12 years

12   of age.

13        Thank you.

14             THE COURT:  Thank you, Ms. Schnellinger.

15        So Mr. James, with respect to the elements for Count 1

16   and the elements for Count 2, the question to you now is, do

17   you understand that the Government would have to prove all

18   of the elements of Count 1 and all of the elements of Count

19   2 beyond a reasonable doubt if this matter were to go to

20   trial?

21             THE DEFENDANT:  Yes, Your Honor.

22             THE COURT:  Ms. Schnellinger, will you also

23   please state the factual basis that would support the

24   elements of the offenses.

25             AUSA SCHNELLINGER FEISTHAMEL:  Yes, Your

1    Honor.

2         On or about January 1, 2022, through on or about June

3    30, 2024, in the Northern District of Ohio Eastern Division

4    and elsewhere, defendant Michael Monroe James did knowingly

5    receive and distribute, using any means and facility of

6    interstate and foreign commerce, numerous computer files,

7    which files contained visual depictions of real minors

8    engaged in sexually explicit conduct and which files had

9    been shipped and transported in and affecting interstate and

10   foreign commerce.

11        On or about July 1, 2024, in the Northern District of

12   Ohio Eastern Division, defendant Michael Monroe James did

13   knowingly possess one Apple iPhone 15 Pro Max, serial number

14   KHM95C7DYQ, that contained child pornography, which child

15   pornography had been shipped and transported in interstate

16   and foreign commerce by any means, including by computer,

17   and which was produced using materials which had been

18   shipped and transported in interstate and foreign commerce

19   by any means, including by computer, and at least one image

20   involved in the offense involved a prepubescent minor or a

21   minor who had not attained 12 years of age.

22        On or about June 2024, defendant exchanged messages

23   with an undercover agent online who defendant believed was

24   an 11-year-old pregnant minor.  Defendant discussed meeting

25   the minor to engage in sexual activity.

1       Law enforcement traced the messages back to the

2   defendant and the defendant's residence located in Clinton

3   in the Northern District of Ohio Eastern Division.

4       Law enforcement met with the defendant at his

5   residence on July 1, 2024.  At this meeting, agents

6   recovered an Apple iPhone 15 Pro Max, serial number

7   KHM95C7DYQ, which the defendant stated he utilized for

8   receiving child pornography.

9       Law enforcement determined that on or about January 1,

10  2022, through on or about June 30, 2024, the defendant

11  received and distributed images and videos of real minors

12  engaged in sexually explicit conduct.

13      Defendant utilized a variety of cellular phone

14  applications, including Whisper and Telegram.

15      Defendant also admitted to buying child sexual abuse

16  material online.

17      Further, on July 1, 2024, the defendant possessed 764

18  files of child sex abuse material, including children under

19  the age of 12, as well as infants.

20      A description of some of these files are as follows:

21      A color image that depicts an adult male engaged in

22  genital to genital sexual conduct with a nude infant female;

23  a color image that depicts an adult male engaged in genital

24  to genital sexual conduct with a nude prepubescent female;

25  the prepubescent female appears to be screaming with her

1   mouth open wide -- wide open and her eyes winced; a color

2   image that depicts an adult male engaged in genital to

3   genital sexual intercourse with a nude prepubescent male who

4   is blindfolded.

5        Defendant engaged in computer -- I'm sorry.  Defendant

6   utilized the computer to commit these acts, and the images

7   and videos were shipped and transported in interstate and

8   foreign commerce.

9        Thank you, Your Honor.

10            THE COURT:  Thank you.

11       Mr. James, the question to you, now that you have

12  reviewed the factual summary and heard from the prosecutor

13  what that factual summary is, do you acknowledge those facts

14  and do you agree that if this matter were to proceed to

15  trial, the Government could prove those facts beyond a

16  reasonable doubt?

17            THE DEFENDANT:  Yes, Your Honor.

18            THE COURT:  Addressing now your appellate

19  rights, you indicate here that you have been advised of your

20  rights by counsel, you've discussed them with your counsel,

21  that you are knowingly and voluntarily waiving those rights

22  except for three:

23       One, any punishment in excess of the statutory

24  maximum; any sentence that is greater than the imprisonment

25  range determined using the stipulated offense level here in

1   paragraph 16, and; any ruling -- the Court's ruling by the

2   Court -- the Court's ruling denying the motion to suppress

3   which was stated on the record on February 13, 2025.

4        Do you understand that those are the three appellate

5   rights you are reserving?

6                 THE DEFENDANT:  Yes, Your Honor.

7                 THE COURT:  Nothing in this paragraph will act

8   as a bar to any other remedies you may have with respect to

9   ineffective assistance of counsel or prosecutorial

10  misconduct.

11       Do you understand that as well?

12                THE DEFENDANT:  Yes, Your Honor.

13                THE COURT:  Mr. Bryan, is there anything I

14  have neglected to cover under Rule 11 and should at this

15  time?

16                ATTORNEY BRYAN:  I don't believe so, Your

17  Honor.

18                THE COURT:  Ms. Schnellinger?

19                AUSA SCHNELLINGER FEISTHAMEL:  No, Your Honor.

20  Thank you.

21                THE COURT:  The question then to you,

22  Mr. James, with respect to your pleas, we'll start with

23  Count 1.

24       How do you now plead to the charge stated in Count 1

25  of the indictment?

1        THE DEFENDANT:  Guilty, Your Honor.

2        THE COURT:  How do you now plead to the charge

3   stated in Count 2 of the indictment?

4        THE DEFENDANT:  Guilty, Your Honor.

5        THE COURT:  It is the finding of this Court

6   that Mr. James is fully competent and capable of entering

7   these informed pleas, he is aware of the nature of the

8   charges and the consequences of these pleas, and his pleas

9   are knowing and voluntary and also supported by an

10  independent basis in fact that contains each of the

11  essential elements of the offenses charged.

12      The pleas are accepted.  Mr. James is now adjudged

13  guilty of Counts 1 and 2 of the indictment.

14      I will go ahead and sign the document where indicated.

15      But here are the next steps, Mr. James.  And I'm sure

16  that Mr. Bryan has already explained these to you, but I'll

17  go ahead and explain them as well.

18      The Court is now making a formal referral to the

19  Probation Department to conduct a presentence investigation

20  and prepare a presentence report.

21      Understood?

22      THE DEFENDANT:  Yes, Your Honor.

23      THE COURT:  With respect to that

24  investigation, they're going to try to collect as much

25  information about you and what occurred so the Court can

1   have as much information as possible about all of those

2   sentencing factors we talked about earlier.

3       All right?

4            THE DEFENDANT: Yes, Your Honor.

5            THE COURT: Their investigation will include

6   an interview with you, so I encourage you to be candid and

7   forthright with them. They are officers of the Court. And

8   I also encourage you to have your counsel present for that

9   interview.

10      All right?

11           THE DEFENDANT: Yes, Your Honor.

12           THE COURT: Once the investigation is

13   complete, they will prepare their report in two steps. The

14   first will be a draft. That will be circulated, and

15   everybody will have an opportunity to comment, to provide

16   additional information, suggestions, or to state objections.

17      Understood?

18           THE DEFENDANT: Yes, Your Honor.

19           THE COURT: The probation officer will collect

20   any responses and then provide those to the Court in what is

21   called a final presentence report. And it is that final

22   presentence report that Government's counsel, you and your

23   counsel, and the Court will use at the time of sentencing.

24      Understood?

25           THE DEFENDANT: Yes, Your Honor.

1          THE COURT:  At the sentencing hearing, the

2    Court will calculate the guideline range and then hear

3    argument from the parties as to what an appropriate sentence

4    will be.  It will hear from Government's counsel first, then

5    Mr. Bryan, and then you will have an opportunity to address

6    the Court directly if you wish to do so.

7        Understood?

8          THE DEFENDANT:  Yes, Your Honor.

9          THE COURT:  Because this case involves

10   victims, there will be an opportunity for victim impact

11   statements to be provided to the Court.  There's also an

12   opportunity for victims to speak during the sentencing

13   hearing if they wish to do so.

14       Do you understand that as well?

15         THE DEFENDANT:  Yes, Your Honor.

16         THE COURT:  With that, I will set the

17   sentencing hearing for July 21 at 10 a.m.

18       Is there any conflict with that date or time for you,

19   Ms. Schnellinger?

20         AUSA SCHNELLINGER FEISTHAMEL:  No, Your Honor.

21   Thank you.

22         THE COURT:  For you, Mr. Bryan?

23         ATTORNEY BRYAN:  There is not.  Thank you,

24   Your Honor.

25         THE COURT:  With that, is there anything else

1    to address before we adjourn?

2         On behalf of the Government?

3              AUSA SCHNELLINGER FEISTHAMEL:  No, Your Honor.

4    Thank you.

5              THE COURT:  Mr. Bryan.

6              ATTORNEY BRYAN:  No.  Thank you, Your Honor.

7              THE COURT:  All right.  Thank you.

8         Take care, Mr. James.

9              THE DEFENDANT:  You too, Your Honor.

10             THE COURT:  We're now adjourned.

11             (Proceedings adjourned at 1:34 p.m.)

12                        * * * * *

13             **C E R T I F I C A T E**

14

15        I certify that the foregoing is a correct transcript

16   of the record of proceedings in the above-entitled matter

17   prepared from my stenotype notes.

18

19        */s/ Lance A. Boardman*                *09-04-2025*
          Lance A. Boardman, RDR, CRR                DATE
20

21

22

23

24

25